Circuit Court of Appeals, Fifth Circuit.

June 24, 1938.

## FEDERAL TRADE COMMISSION v. CHARLES N. MILLER CO.
### No. 3313.

Circuit Court of Appeals, First Circuit.

June 10, 1938.

Martin A. Morrison, Asst. Counsel, Federal Trade Commission, of Washington, D. C. (W. T. Kelley, Chief Counsel, and Henry C. Lank, P. C. Kolinski, and James W. Nichol, Sp. Attys., Federal Trade Commission, all of Washington, D. C., on the brief), for Federal Trade Commission.

Joseph B. Jacobs, of Boston, Mass. (Harold W. Knowlton, Harold Singer, and Jacobs & Jacobs, all of Boston, Mass., on the brief), for respondent.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

This is an application for the enforcement of an order of the Federal Trade Commission of November 14, 1936, modifying its original order of August 4, 1936. The portions of the original order, so far as here material, are the two paragraphs in which the respondent was ordered to cease and desist from

"(1) Selling and distributing to jobbers and wholesale dealers for resale to retail dealers, or to retail dealers direct, candy so packed and assembled that the sales of such candy to the general public are to be made or are designed to be made by means of a lottery, gaming device, or gift enterprise;

"(2) Supplying to or placing in the hands of wholesale dealers and jobbers or retail dealers packages or assortments of candy which are used or are designed to be used, without alteration or rearrangement of the contents of such packages or assortments, to conduct a lottery, gaming device, or gift enterprise in the sale or distribution of the candy or candy products contained in said assortment to the public;"

In the modified order they read as follows:

"(1) Selling and distributing to jobbers and wholesale dealers for resale to retail dealers, or to retail dealers direct, candy so packed and assembled that sales of such candy to the general public are to be made or may be made by means of a lottery, gaming device, or gift enterprise;

"(2) Supplying to or placing in the hands of wholesale dealers and jobbers or retail dealers packages or assortments of candy which are used or may be used, without alteration or rearrangement of the contents of such packages or assortments, to conduct a lottery, gaming device, or gift enterprise in the sale or distribution of the candy or candy products contained in said assortment to the public;"

The respondent objects to the modified order on the ground that it renders the company subject to being held in contempt for the acts of parties over whom it would have no control.

This case differs in no respect from the one before the Court of Appeals in the Seventh Circuit, in Federal Trade Commission v. A. McLean & Son et al., 84 F.2d 910, certiorari denied, 299 U.S. 590, 57 S. Ct. 117, 81 L.Ed. 435, in which the court held that an order like the modified one here in question was too broad. It was there said (page 913):

"We are convinced, however, that paragraphs (1) and (2) of the cease and desist order are too broad in that they prevent the sale and distribution to jobbers and wholesalers for resale to retailers of any candy so packed and assembled that retail sales may be made by means of a lottery, or gaming device. This clearly would prevent the sale of any candy which might afterwards be sold by the retailer by means of a lottery, gaming device or gift enterprise. Obviously, this was not the intention of Congress, and we think it was not the intention of the Commission. We have therefore stricken the word 'may' from paragraphs (1) and (2) of the orders and substituted the words 'are designed to,' and as thus modified, the orders of the Commission are affirmed, and respondents, their officers, directors, agents, representatives and employees are hereby ordered to comply therewith."

We approve the decision in the McLean Case and strike the word "may" from paragraphs (1) and (2) of the modified order and in its place substitute the words "are designed to." With these modifications, the order of the Commission is affirmed and the respondent, its officers, directors, agents, representatives and employees are hereby ordered to comply therewith.