289 So.2d 745 (1974)
Richard S. LEGHORN et al., Appellants,
v.
Robert A. WIELAND, Jr., Appellee.
No. 73-593.
District Court of Appeal of Florida, Second District.
January 23, 1974.
Rehearing Denied March 4, 1974.
*746 James E. Thompson and Edward M. Waller, Jr., of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellants.
William M. Hereford, of Strode, Hereford & Taylor, Sarasota, for appellee.
HOBSON, Judge.
Appellants appeal an interlocutory order granting partial summary judgment on the issue of liability in Count I of appellee's complaint.
On May 5, 1971, appellants and appellee Wieland entered into an employment agreement providing for the employment of Wieland to manage, operate and direct the day-to-day operations of the various corporations owned or controlled by appellant Leghorn. Paragraph 5 of the agreement provides:
"5. Default and Liquidated Damages.

(a) If any party to this agreement defaults in the performance of any provision to be performed by it or him any other party may give the defaulting party written notice to correct the default. In the event that the Owner and substantially all the Companies default and same is not corrected within sixty (60) days after written notice, it is hereby agreed that liquidated damages will be $125,000.00 (One hundred and twenty five thousand and no/100 dollars), one-half to be paid to Employee upon the expiration of said sixty (60) day period and one-half one year and one day later, unless otherwise agreed by the parties in writing. In the event that Employee defaults in the performance of this agreement, upon failure to correct same within sixty (60) days written notice from the Owner and Companies this agreement shall be immediately terminated. A default by one person or entity comprising Owner or Companies is a default by all parties or persons constituting that party or parties.
(b) If this agreement is terminated by any party for any reason, the entire agreement is terminated and shall no longer bind any of the parties in any respect." [emphasis supplied]
On March 28, 1972, without giving prior notice, Leghorn asked Wieland to resign. Wieland resigned, but did not waive his rights under the employment agreement.
Wieland filed suit against Leghorn and the various corporations owned or controlled by him, alleging breach of the employment agreement and seeking in Count I of his complaint $125,000 in liquidated damages.
*747 Appellants filed their answer and defenses alleging that Wieland had breached the employment agreement in that he had misappropriated corporate funds to his own use, that Wieland had by malfeasance jeopardized the corporations' standing before various governmental agencies, and that he wrongfully attempted to usurp for his own profit business opportunities, and had in several other aspects failed to perform his obligations under the employment agreement. Appellants also filed a counterclaim for damages suffered by appellants as a result of Wieland's breach of the employment agreement.
Wieland filed a motion for summary judgment with accompanying affidavit reciting that the employment agreement provided for a sixty-day written notice in the event of a default by either party and alleging that appellants never gave any notice of default. In opposition to Wieland's motion, appellants filed affidavits of Leghorn and of an accountant as grounds for the termination of the employment agreement with Wieland.
Because of the failure of appellants to give Wieland sixty days notice and an opportunity to cure his defaults, the lower court granted the motion for summary judgment on the issue of liability as presented in Count I.
Appellants contend that the lower court erred in holding as a matter of law that the notice provision and sixty-day cure period in the contract constituted the employer's exclusive remedy for the employee's material breach of the employment agreement. Appellants argue that the sixty-day notice provision is not mandatory, since the agreement provides that one party "may give the defaulting party written notice to correct the default."
We have found no Florida decisions on the precise point, and there appears to be a conflict of authority in other jurisdictions and among authorities on contract law.
Wieland relies on Carleno Coal Sales v. Ramsey Coal Co., 1954, 129 Colo. 393, 270 P.2d 755, in which a similar clause of an employment agreement was involved. The Colorado Supreme Court said:
"It is always true that use of the word `may' imposes only a permissive right or procedure. It has been held that this word, when considered with the subject matter of a statute, means `must' or `shall.' (citations omitted). Generally, the rules applicable to the construction of constitutional provisions, statutes and contracts are the same ...".
The Colorado court held, at page 757:
"* * * The intention to cover the field of cancellation for default of either party is clear, and this means that the sixty-day notice of intention to terminate is mandatory, notwithstanding the use of the word `may'. By the use of that word in the contract before us, the employer was given the option to serve the sixty-day notice if it considered the default of sufficient consequence to terminate the contract. If it elected not to give such notice then the default was waived."
The Florida courts have held, however, that when given its ordinary meaning, the word "may" denotes a permissive term rather than the mandatory connotation of the word "shall." Brooks v. Anastasia Mosquito Control District, Fla.App. 1963, 148 So.2d 64; Stein v. Darby, Fla. 1961, 134 So.2d 232; Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594.
Considering the entire instrument, as we must in construing a contract (Paddock v. Bay Concrete Industries, Inc., Fla. App. 1963, 154 So.2d 313), it is clear that the purpose of the sixty-day notice was to give the defaulting party an opportunity to correct the default. By the use of the word "may" the parties did not intend to make the giving of notice the "legal duty" of either party. If either party considered *748 the default of insufficient consequence, it had an option to waive the giving of notice. On the other hand, if the breach was so grave as to be irreparable and incurable, the giving of notice would be a useless gesture. Young Travelers Day Camps, Inc. v. Felsen, 1972, 118 N.J. Super. 304, 287 A.2d 231.
In the instant case, if the charges of disloyalty and dishonesty are true, it would be impossible for Wieland to remedy the breach, or to expect appellants to continue to perform the contract.
Reversed.
MANN, C.J., and COWART, JOE A. Jr., Associate Judge, concur.