## No. 25701

**The People of the State of Colorado v. Andre Phillip DeJesus**
(519 P.2d 944)

Decided March 4, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Orville A. Kenelly, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal by defendant-appellant from a conviction of simple assault.

The many assignments of error do not require a recitation of the facts. They are directed to (I) the refusal of the court to give two tendered defense instructions; (II) objections to instructions which were given; (III) refusal of the court to

permit recall of a witness; (IV) objections to the sentence imposed; and (V) claimed prejudice by reason of limitations imposed on argument to the jury.

## I.

■ One of the defendant's tendered instructions was based on C.R.S. 1963, 40-1-11 involving crimes committed because of threats from another person. This tendered instruction was based on a misconception of the statute. It is entirely unrelated to any facet of the case at bar. It apparently was conceived as relating to self-defense — which it does not. A proper self-defense instruction was given.

■ The other tendered instruction recited verbatim C.R.S. 1963, 39-3-2 on grand jury witnesses. It also was entirely irrelevant and properly refused.

## II.

Objections to the instructions were raised for the first time in this court. No objections were voiced at the time the instructions were prepared, and there is no mention of the asserted errors in the motion for a new trial. We have nevertheless read the instructions and find them adequate and in conformance with the law.

## III.

■ The defendant requested permission of the court to recall a witness who had been previously examined and excused. In order to determine the reason therefor, the court requested an offer of proof. It revealed that the testimony to be elicited was to verify a self-serving declaration supposedly made to the witness by the defendant. The court properly refused to permit the testimony which was clearly incompetent and inadmissible.

## IV. and V.

■ The court limited argument by counsel on both sides to one-half hour each. No objection was voiced at the time. The record does not contain the final argument to the jury. On the evidence the jury could have found the defendant guilty of a felony, but returned a verdict on simple assault in a case which charged assault with a deadly weapon. The defense argument must have been somewhat persuasive.

 The court sentenced the defendant to six months in jail and imposed a fine of $500, all within the statutory limits. There was no statute or rule providing for review of legal sentences at the time of the trial. Even had the present statute on review of sentences been in effect, the sentence imposed would not be subject to review, for it is limited to felonies. 1971 Perm. Supp., C.R.S. 1963, 40-1-509:

The judgment is affirmed.

MR. JUSTICE KELLEY does not participate.