## No. 26643

**J. E. Losavio, Jr., District Attorney for the Tenth Judicial District of the State of Colorado, Legal Advisor of the 1974 Pueblo County Statutory Grand Jury v. The Honorable Matt J. Kikel, District Judge within and for the Tenth Judicial District of Colorado**

(529 P.2d 306)

Decided December 16, 1974.

J. E. Losavio, Jr., District Attorney, Cecil Turner, Assistant, for petitioner.

The Honorable Matt J. Kikel, Respondent, pro se.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding is prosecuted by the district attorney of Pueblo County and seeks relief in the nature of prohibition.

The district attorney seeks to prohibit and circumscribe the actions of the respondent judge of the district court in supervising and inquiring into a grand jury investigation. In answering the petition, the respondent asserts that he had the duty to determine whether the district attorney has used or is improperly using the grand jury. We issued a rule to show cause and now make the rule absolute.

Unfortunately, in this case, as in most original proceedings, the facts are tied to a skeleton record which is composed primarily of affidavits. The affidavits and the record are replete with controverted facts. We take particular note of the fact that the affidavits submitted by both sides are to a large extent self-serving and establish that trial by affidavit is not the ideal method of ascertaining the facts in any case.

To provide a framework for the disposition of this case, it is necessary to review the history of the grand jury. The grand jury traces its origin to the Assize of Clarendon in England in 1166. King Henry II provided that twelve knights or twelve '' 'good and lawful men' of every 104 lawful men would disclose under oath the names of those in the community believed guilty of criminal offenses.'' *National Advisory Commission on Criminal Justice Standards and Goals, Courts* 74; Kuh, *The Grand Jury "Presentment": Foul Blow or Fair Play?,* 55 Colum. L. Rev. 1103 (1955). The grand jury provided sworn accusations to the judge. The jurors heard witnesses who provided evidence against the accused. The grand jury indicated by endorsement on the indictment whether they found the allegations to be true or not true. The function was thus to investigate criminal activity and to act as a buffer between the state, the charging authority, and its citizens by weighing any accusation of criminal activity to determine whether it was true or false. *See The Grand Jury, A Symposium,* 10 Amer. Crim. L. Rev. No. 4, Summer (1972).

The United States Constitution embodied the buffer function in the Fifth Amendment by declaring that ''no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'' *See* Note, *The Grand Jury as an Investigatory Body,* 74 Harv. L. Rev. 590 (1961). In *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884), the United States Supreme Court held that the

Fourteenth Amendment did not require that the states afford every criminal defendant, as a matter of due process, the right to a grand jury indictment as part of the charging process.

In 1933, Great Britain abolished the grand jury when it became apparent that it had outlived its usefulness and could not be justified from an economic standpoint, even though the right to a grand jury indictment could be traced to the Fourteenth Century. *See National Advisory Commission on Criminal Justice Standards and Goals, Courts,* Standard 4.4; Whyte, *Is The Grand Jury Necessary?,* 45 Va. L. Rev. 461 (1959); Younger, *The Grand Jury Under Attack,* 46 J. Crim. L., C. & P. 28 (1955).

History has also taught us that grand juries are costly and that they do not, in fact, provide a buffer between the accused and the charging authority. Kuh, *The Grand Jury "Presentment": Foul Blow or Fair Play?,* 55 Colum. L. Rev. 1103 (1955). The presentation of evidence is under prosecutorial control, and the grand jury generally agrees to the actions of the prosecutor. A number of experts have concluded that the grand jury has a negligible affect on the criminal justice process, except to cause delay. Whyte, *Is The Grand Jury Necessary?,* 45 Va. L. Rev. 461 (1959).

In a limited number of cases, the grand jury, however, does provide a necessary and worthwhile service. In cases involving acts of police officers, political corruption, organized crime, criminal activity that is shrouded in secrecy by reluctant or unwilling witnesses, or wrong doing that could involve those friendly to the prosecutor the grand jury provides a means for insuring a fair result in the charging process. Whyte, *Is The Grand Jury Necessary?,* 45 Va. L. Rev. 461 (1959). Moreover, in criminal cases where public concern is great, it is desirable to have the grand jury participate in the investigatory function. Where corruption is charged, it is desirable to have someone outside of the administration act, so that the image, as well as the fact, of impartiality in the investigation can be preserved and allegations of cover-up or white-wash can be avoided. The Watergate investigation stands as a monument to the effectiveness of the grand jury process. *See United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Nearly all experts have concluded that the grand jury

should not be used in routine cases or for political or other improper purposes, and should not be utilized as a handmaiden to the district attorney. *See Gher v. District Court,* 183 Colo. 316, 516 P.2d 643 (1973). Our criminal justice system in Colorado is not geared to the use of the grand jury in every criminal case. The district attorney should utilize the information as the charging document in the ordinary case.

This case requires that we interpret the statutory framework for grand juries in Colorado. 1971 Perm. Supp., C.R.S. 1963, 78-6-1(1), (2) provides:

"78-6-1. Grand juries — term — additional juries. (1) Grand juries shall not be drawn, summoned, or required to attend the sitting of any court in any county in this state unless specially ordered by the court having jurisdiction to make such an order, and except as provided in subsection (2) of this section. Grand juries shall serve until discharged by the court, except no grand jury shall sit for a period in excess of eighteen months.

"(2) In counties with a population of one hundred thousand persons or more, according to the latest federal census, a grand jury shall be drawn and summoned by the court to attend the sitting of said court at the first term of such court in each year."

The factual issues in this case relate to the term of the grand jury and the powers of the court. During the first term of court in Pueblo County in 1974, the respondent empaneled the grand jury. In the course of the grand jury's investigation, the district attorney was advised by the respondent that it would be necessary to file a petition to extend the term of the grand jury's investigations because they were not going to be completed by the end of the court's term. Accordingly, the district attorney filed a request to extend the term of the grand jury, asserting that the jury was in the midst of an investigation which would not be completed within the term of court. The district attorney's petitions were routinely granted, but in August 1974, the respondent agreed to grant a two-month extension, but no more, and limited the subject matter of the grand jury's investigation to the matters which were contained in the district attorney's petitions for an extension of the life of the grand jury.

We have not been previously called upon to decide this question. However, we may look to a comparable Federal Rule relat-

ing to the discharge of a grand jury for guidance. Fed. R. Crim. P. 6(g) provides:

"A grand jury shall serve until discharged by the court but no grand jury may serve more than 18 months."

The purpose of the Federal Rule can be gleaned from the advisory comments which accompany the provision. In the comments, the present rule is contrasted with its predecessor. Under the prior Federal Statute (28 U.S.C. § 421), the grand jury was summoned for a specific term of court, but its period of service could be extended by the court up to eighteen months. Moreover, during the extension period, the grand jury could examine only those matters raised as part of the "investigations commenced during the original term." 1 *C.A. Wright, Federal Practice and Procedure* § 112 (1969). The current rule eliminates the term of court principle from the grand jury lexicon. It is replaced by a requirement that the grand jury be permitted to sit for a definite eighteen-month period without allowing for an extended tenure under any circumstances.

■ The respondent concluded that the Colorado statute requires the district attorney to seek an extension with each new term of court. We do not interpret the statute so narrowly. The respondent read subsection (2) of the rule in conjunction with subsection (1) and found that the legislative intention was to require a petition for an extension beyond the term of court. The respondent's interpretation of the statute is not correct. The statute provides that in counties with a population of one hundred thousand persons, a grand jury "shall be . . . summoned by the court to attend the sitting of said court in the first term of such court in each year." 1971 Perm. Supp., C.R.S. 1963, 78-6-1(2). In our view, this subsection refers to the time at which the grand jury, in the ordinary course of judicial business, must be empaneled. With the commencement of the first term, in counties having the requisite minimum population, the court shall summon the grand jury. The court may not decline to call the grand jury if the population in the county is greater than one hundred thousand. When subsection (2) is compared with subsection (1), which provides that grand juries shall not be summoned without special court order, "except as provided in subsection (2) of this section," the statutory wording becomes clear.

■■ The court must convene the grand jury if the county in which the grand jury is to conduct the investigation is populated by at least one hundred thousand inhabitants. All other courts must call a grand jury into service when it is deemed proper by the court, and the time for the existence of the grand jury must be specified. 1971 Perm. Supp., C.R.S. 1963, 78-6-3. If the district attorney feels that one grand jury is inadequate to handle the volume and the burden of investigations which he has ordered, he may make a motion to the court to summon an additional grand jury. The court may exercise its discretion in ruling on the district attorney's motion and should not grant the request unless good cause has been shown. *Compare* Fed. R. Crim. P. 6(a).

The respondent has directed our attention to *Buchler v. District Court,* 158 Colo. 205, 405 P.2d 950 (1965), to buttress his position. *Buchler* contains language to support the contentions of the respondent judge. However, since we rendered our opinion in *Buchler,* the legislature has significantly changed the Colorado statutes and, therefore, the language in *Buchler* does not control the disposition of the issue which is now before us.

■■ We hold that by enacting 1971 Perm. Supp., C.R.S. 1963, 78-6-1, *et seq.,* the legislature intended to allow the grand jury to serve for a full eighteen months. During the tenure of the investigative body, the court retains a supervisory power. As the statute provides, the grand jury shall sit "until discharged by the court," but not to exceed eighteen months. The grand jury is an adjunct of the court, and the court has authority to insure that the grand jury's function is reasonably facilitated. The court's power includes, among other things, authority to protect the grand jury from working unreasonable hours, meeting in unreasonable places, or from service under otherwise unreasonable conditions.

The court may discharge the "grand jury at any time, for any reason or no reason, and whether they have finished matters in hand or not." 1 *C.A. Wright, Federal Practice and Procedure* § 112 (1969). *But see* 1 *C.A. Wright, Federal Practice and Procedure* § 101 at 151-52 & n.9; *United States v. Smyth,* 104 F. Supp. 283 (N.D. Cal. 1952).

■■ Furthermore, the power to discharge the grand jury does not justify judicial interference with the internal affairs and inves-

tigations of a legally constituted grand jury. The court may not dictate or inquire into the areas which are being investigated by the grand jury. To authorize such an endeavor would contravene the very purpose for which the system was devised: to investigate possible offenses and to act as an independent barrier which protects the innocent from oppressive prosecution. *See United States v. Bailey,* 332 F. Supp. 1351 (N.D.Ill. 1971).

Accordingly, the rule is made absolute.