MR. JUSTICE ERICKSON
delivered the opinion of the Court.
This original proceeding was commenced after a hearing was held on a motion to dismiss certain indictments returned by a grand jury. A special deputy district attorney for Moffat County filed a petition to obtain a writ of prohibition and to circumscribe the action of the respondent judge in permitting inquiry into conversations claimed to be the subject of a statutory privilege. Section 13-90-107(1 )(e), C.R.S. 1973. An answer was filed asserting that the inquiry would not invade any privilege and that it was expressly limited to conversations that might indicate whether the district attorney had improperly used the grand jury. Our rule to show cause is now made absolute.
The record establishes that Donna Salmon, a deputy district attorney, was called to testify for the defendant at the hearing. She was asked to relate the substance of certain conversations which she had had with the district attorney and a third attorney, who was later appointed special deputy district attorney to handle the grand jury investigations involving the defendant. The trial court sustained the objections of the special deputy and prohibited defendant’s counsel from making inquiry into these matters on the ground that they were privileged communications under section 13-90-107(l)(e), C.R.S. 1973. Defendant’s attorney then made an offer of proof in which he stated that the witness, if permitted to answer, would have testified that “certain individuals were named approximately a month before the grand jury that was empaneled as persons who would be indicted.” Subsequent to the close of the evidence, the court ruled that the defendant would be permitted to reopen its case and make the inquiry previously *530 prohibited. This proceeding was then initiated.
The statutory privilege relied upon in this proceeding is found in section 13-90-107(1 )(e), C.R.S. 1973, which, in part, provides:
“There are particular relations in which it is a policy of the law to encourage confidence and to preserve it inviolate; therefore, a person shall not be examined as a witness in the following cases: . . . (e) A public officer shall not be examined as to communications made to him in official confidence, when the public interests, in the judgment of the Court, suffer by disclosure.”
District attorneys have a statutorily imposed duty to appear and advise grand juries. Section 20-1-106, C.R.S. 1973. In furtherance of this duty, as well as the other duties of their office, district attorneys are specifically authorized to appoint such deputy district attorneys as they deem necessary to properly discharge their duties. Section 20-1-201, C.R.S. 1973 (1976 Supp.).
The conversations in controversy occurred on two different occasions. We hold that both clearly fall within the statutory privilege. It is undisputed that both conversations took place before the grand jury was empaneled and concerned the upcoming grand jury investigation. In the first, the district attorney and the deputy district attorney discussed with the prospective special deputy the matters to be presented to the grand jury in order to determine whether he would be able to properly conduct the investigation. In the second, the district attorney, assistant district attorney, and two deputy district attorneys discussed the same subjects at a district attorneys’ convention. Both circumstances reflect the district attorney’s close working relationship with his assistants and a real concern for the responsibilities of his office. It is clear that the district attorney, his deputies, and his assistants are within the meaning of “public officers” in the context of this statute. Section 20-1-101, et seq., C.R.S. 1973. See People v. Gonzales, 136 Cal. App.2d 437, 288 P.2d 588 (1955). We also find these conversations were made in “official confidence,” as required by the statute. If such conversations were not privileged, the public’s interest in carrying out the grand jury function with effective representation and preparation would suffer.
Even if the evidence in this case was admissible, it would be insufficient to warrant dismissal of the indictments. While a grand jury cannot “be utilized as a handmaiden of the district attorney,” Losavio v. Kikel, 187 Colo. 148, 529 P.2d 306 (1974), proof of statements made by a district attorney regarding the sufficiency of evidence and the likely outcome of the grand jury investigation do not establish a misuse of the grand jury process.
Accordingly, the rule is made absolute.