The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gerald R. SPOMER,
Defendant-Appellant.

No. 79CA0376.

Colorado Court of Appeals,
Div. I.

March 12, 1981.

Rehearing Denied April 30, 1981.

Certiorari Denied July 20, 1981.

J. D. MacFarlane, Atty. Gen., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Guy Till, Deputy Dist. Atty., Denver, for plaintiff-appellee.

R. Douglas Buckles, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Gerald R. Spomer, appeals his conviction of first degree perjury before a grand jury, asserting that his testimony was not materially false. We affirm.

A grand jury was investigating the possible arson of a bar/restaurant in which Spomer had an interest. In his testimony before the grand jury Spomer denied that he had had certain telephone conversations regarding the insurance coverage on the building, contents, and business losses shortly before the fire. This testimony was the basis for the perjury conviction.

On appeal, Spomer asserts that, because his testimony before the grand jury did not relate to the cause of the fire or who was responsible for it, it was not materially false, as is required for a perjury conviction pursuant to § 18–8–501(1), C.R.S.1973 (1978 Repl. Vol. 8). To be material, a false declaration must have a " 'tendency to influence, impede or hamper the grand jury from pursuing its investigation' " and it " 'need not be material to the main issue [or] . . . directed to the primary subject of the investigation.' " *People v. Maestas*, Colo., 606 P.2d 849 (1980).

Here, the perjured testimony was material as a matter of law. The question of the insurance was material to the issue of arson. The trial court found, and we agree, that by denying he made the phone calls in question, Spomer foreclosed an area of inquiry relevant to the grand jury investigation: specifically, why the calls were made, who knew about them, whether they were made at anyone's request, or if Spomer had discussed them with anyone.

The other contentions of error raised on appeal are without merit.

Judgment affirmed.

COYTE and KELLY, JJ., concur.