The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Olive Rose ROBERTS, Defendant-Appellant.

No. 82CA1372.

Colorado Court of Appeals, Div. III.

April 14, 1983.

As Modified on Denial of Rehearing June 16, 1983.

J.D. MacFarlane, Duane Woodard, Attys. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

L. Gary Hebenstreit, Lakewood, for defendant-appellant.

KELLY, Judge.

Defendant appeals her conviction on three counts of misdemeanor child abuse and the sentence imposed thereon. We affirm.

Defendant was charged as an accessory to a felony and with five counts of misdemeanor child abuse under § 18–6–401, C.R.S.1973 (1982 Cum.Supp.). Prior to trial, she entered into a plea bargain under which she pled *nolo contendere* to three counts of misdemeanor child abuse in return for the dismissal of the remaining counts. Defendant was sentenced to two years of probation conditioned upon serving concurrent sentences of 60 days in jail on each of the three counts.

I.

Defendant's first contention on appeal is that the information was defective in that it did not contain a sufficiently clear statement of the essential facts constituting the offenses with which she was charged to

meet the requirements of fundamental fairness. We disagree.

■ The People argue that defendant is precluded from raising this issue by her plea of *nolo contendere,* since, under Crim.P. 11, the plea could be accepted only after the trial court determined that she understood the nature and elements of the offense pled to, and she has not challenged the validity of this determination. However, because jurisdictional defects, such as insufficiency of a charging instrument, are not waived by a plea of *nolo contendere,* this argument must be rejected. *United States v. Heller,* 579 F.2d 990 (6th Cir.1978); *see People v. Garner,* 187 Colo. 294, 530 P.2d 496 (1975). Accordingly, we address the merits of defendant's claim that the information is defective.

■ In order to be legally sufficient, an information must be sufficiently definite to inform the defendant of the charges against him so as to enable him to prepare a defense and to plead the judgment in bar of further prosecutions for the same offense. *People v. Donachy,* 196 Colo. 289, 586 P.2d 14 (1978).

■ Here, each of the three counts of the information essentially recites the language of the applicable statute, § 18–6–401(1), C.R.S.1973 (1982 Cum.Supp.). This statute sets forth the prohibited conduct with sufficient specificity that an information which follows it, and which specifies the victim and the date of the offense, is sufficient to apprise the defendant of the charges. *People v. Hoehl,* 193 Colo. 557, 568 P.2d 484 (1977). The information charging defendant was therefore not defective. *People v. Maestas,* 199 Colo. 143, 606 P.2d 849 (1980).

## II.

The defendant also contends that the trial court exceeded its jurisdiction by imposing a two-year term of probation for three class 2 misdemeanor convictions. We conclude that this issue is not properly before this court.

■ Absent statute, there is no right to appellate review of the propriety of a sentence. *See People v. Carter,* 186 Colo. 391, 527 P.2d 875 (1974); *People v. DeJesus,* 184 Colo. 230, 519 P.2d 944 (1974). Provision for direct review of sentences imposed for felony convictions is conferred by § 18–1–409, C.R.S.1973 (1982 Cum.Supp.) and C.A.R. 4(c), and these statutory sections make no provision for appellate review of the propriety of a misdemeanor sentence.

■ While it is true that the legality of the sentence, as contrasted with the propriety thereof, may properly be reviewed on appeal where the challenge is asserted by the People, *see People v. Henderson,* 196 Colo. 441, 586 P.2d 229 (1978); *People v. Hinchman,* 196 Colo. 526, 589 P.2d 917 (1978), it does not necessarily follow that any sentence challenged as illegal may be the subject of direct appeal. Where, as here, the sentences to be reviewed are for misdemeanor convictions, the mechanisms for defense challenges to those sentences are delineated in Crim.P. 35 and § 18–1–410, C.R.S.1973 (1978 Repl.Vol. 8). The requirement that grounds for relief be first asserted and addressed by the trial court is a fundamental rule of the appellate process. Accordingly, we hold that, there having been no application for post-conviction relief in the trial court pursuant to either Crim.P. 35 or § 18–1–410, the issue concerning the duration of the sentence is not properly before us.

Judgment affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.