The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Daryl D. THOMPSON, Defendant–Appellant.

No. 96CA0312.

Colorado Court of Appeals, Div. III.

Nov. 29, 1996.

Rehearing Denied Jan. 9, 1997.

Certiorari Denied Sept. 2, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Elizabeth Rohrbough, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Daryl Thompson, was convicted of third degree assault of an on-duty peace officer, attempted third degree assault of a peace officer, third degree assault, and resisting arrest. He challenges the trial court's order upholding the constitutionality of the mandatory sentencing provision applicable to his conviction for third degree assault of an on-duty police officer. We affirm.

## I.

Initially, we address the People's assertion that defendant's appeal is not properly before this court because all of the offenses for which defendant was convicted are misdemeanors. Relying on *People v. Roberts,* 668 P.2d 977 (Colo.App.1983), the People maintain that a challenge to the legality of the misdemeanor sentences may not be

raised on direct appeal. Under the circumstances at issue here, we disagree.

In *People v. Roberts, supra,* the defendant was originally charged with a felony and several misdemeanors, but was convicted only of misdemeanors under a plea agreement approved in the district court. When he challenged the trial court's jurisdiction to impose the length of sentence received, a division of this court ruled that, because there is no statutory authorization for a defendant directly to appeal a misdemeanor sentence, his remedy was to seek relief in the trial court by filing a petition for post-conviction relief.

Unlike the situation in *Roberts,* however, the claim here was argued before the trial court which then issued a written order upholding the constitutionality of the mandatory sentencing statute. Defendant's appeal is limited to a request for review of that ruling. He does not challenge the sentences imposed. Thus, we address his contentions.

## II.

■ In regard to the merits, defendant asserts that the mandatory sentencing provision applicable to a conviction for the misdemeanor offense of third degree assault on an on-duty peace officer violates equal protection. According to defendant, the misdemeanor offense results in a more severe penalty than that imposed for the felony offense of second degree assault. The misdemeanor requires a two-year-and-one-day minimum county jail sentence while persons convicted of the felony are eligible for probation after serving only four months in prison.

We recognize the distinction and hold that it does not violate equal protection.

It is the prerogative of the General Assembly to establish penalties which apply to particular criminal offenses provided that the statutory classifications are based on real differences that are reasonably related to the purposes of the legislation.

> A legislative scheme that causes an offender who acts with less culpable intent and who causes the less grievous result to receive the greater penalty is constitutionally infirm.

*People v. Nguyen,* 900 P.2d 37, 39 (Colo. 1995).

A person commits third degree assault if he or she knowingly or recklessly causes bodily injury to another person. Section 18–3–204, C.R.S. (1986 Repl.Vol. 8B). Third degree assault is a class one misdemeanor normally punishable by a term of imprisonment in the county jail for six to twenty-four months. Sections 18–1–106(1), and 18–1–106(3)(b)(I), C.R.S. (1996 Cum.Supp.). If the victim of the assault is a peace officer engaged in the performance of his or her duties, the sentence is enhanced:

> [T]he court shall sentence the defendant to a term of imprisonment greater than the maximum sentence but no more than twice the maximum sentence authorized for the same crime when the victim is not a peace officer.

Section 18–1–106(1.5)(a), C.R.S. (1996 Cum. Supp.).

A person commits the crime of second degree assault if, "[w]ith intent to prevent one whom he knows, or should know, to be a peace officer ... from performing a lawful duty, he intentionally causes bodily injury to any person." Section 18–3–203(1),(c), C.R.S. (1986 Repl.Vol. 8B).

Second degree assault is a class four felony subject to mandatory sentencing for a crime of violence. Section 18–3–203(2)(b),(c), C.R.S. (1996 Cum.Supp.). The mandatory sentencing range is a sentence to the Department of Corrections for four to twelve years. Sections 18–1–105(1)(a)(V)(A), 18–1–105(1)(c), and 16–11–309(1)(a), C.R.S. (1996 Cum. Supp.).

Upon a finding of "unusual and extenuating circumstances," the trial court may modify the sentence after the defendant has served at least 120 days in the Department of Corrections. If the defendant is otherwise eligible for probation, the modified sentence may be to probation. Section 16–11–309(1)(a), C.R.S. (1996 Cum.Supp.).

In this case, both sides agree the culpable mental state for third degree assault on a peace officer (knowingly or recklessly) is less than that for second degree assault involving a peace officer (intending to prevent a peace officer from performing a lawful duty). Defendant's equal protection argument focuses solely on the different punishments required for the two offenses.

In *People v. Black*, 915 P.2d 1257, 1261 (Colo.1996), the supreme court held, for purposes of equal protection analysis, that:

[A] longer sentence [to the Department] with a mandatory parole provision is a more serious sentence than a shorter sentence with a discretionary parole provision. This is so because an offender on parole is still serving a sentence of imprisonment and is subject to reincarceration for a parole violation.

The court stated that a prisoner's subjective assessment of the relative merits of mandatory and discretionary parole was irrelevant because "[l]onger sentences still carry the greater potential for incarceration and shorter sentences still have earlier eligibility for parole." *People v. Black, supra*, 915 P.2d at 1261.

 Thus, *Black* is instructive for two reasons: (1) it holds that the potential for reincarceration is relevant when considering and assessing the severity of a sentence involving a conditional release from incarceration; and (2) it rejected the defendant's subjective preference as a basis for comparing different sentences.

Here, the trial court acknowledged that the available sentence for second degree assault involving a peace officer was different from the mandatory sentence for third degree assault on a peace officer. Nevertheless, after noting several differences between imprisonment in a county jail and placement in the custody of the Department of Corrections, it concluded that the misdemeanor sentence was not necessarily a greater punishment:

A person sentenced to the county jail serves time differently than a person sentenced to the Department of Corrections. There are different rules relating to the accrual of good time; a jail prisoner may be eligible for work release and home detention, and a penitentiary prisoner may not; a jail prisoner may achieve trustee status and a penitentiary prisoner may not; a jail prisoner may stay in one facility (if not on home detention) and a D.O.C. prisoner may be transferred to facilities with lesser or greater security; a D.O.C. prisoner may receive a transitional placement to a community corrections program

and a jail prisoner may not. Depending on the relative quality of the facilities and the programs available, a person might subjectively find a county jail sentence to be harsher or easier than a Department of Corrections sentence.

Thus, the trial court properly focused on the qualitative differences between the two types of sentences instead of merely comparing the minimum periods of custody. *See People v. Black, supra*. And, based on these distinctions, it rejected defendant's contention that a four-year sentence to the Department of Corrections with the possibility of probation after serving four months of incarceration was a less harsh penalty as a matter of law than a sentence of two years and one day in a county jail with the possibility of home detention.

We agree with the trial court that the two sentences at issue are qualitatively different. In some respects, a sentence to the Department of Corrections is a harsher period of imprisonment although it may be shorter in duration. Even if defendants sentenced for second degree assault establish unusual and extraordinary circumstances so as to obtain a probationary release, they still face the possibility of reincarceration for a period longer than the minimum misdemeanor sentence for third degree assault on a peace officer. Nor is it relevant that a particular defendant might prefer one instead of the other. *See People v. Black, supra*.

In summary, we conclude that defendant has not established his sentence was more severe than that available for defendants convicted of a more serious offense. Accordingly, the trial court correctly resolved defendant's equal protection claim.

 Defendant next contends that the mandatory sentencing provision applicable to third degree assault of an on-duty peace officer also violates equal protection because it establishes a more severe penalty than is required for defendants convicted of either reckless manslaughter or vehicular assault upon a victim who is not a peace officer. Again, we disagree.

Reckless manslaughter and vehicular assault of a victim other than a peace officer both are class four felonies with no mandatory sentencing provision prohibiting proba-

tion. Defendant's argument is premised upon his assumption that a sentence to felony probation necessarily is less serious than a sentence to county jail with the possibility of home detention.

However, again his argument overlooks the potential period of incarceration to which the felony probationer is subjected if probation is revoked.

Even if we were to assume that the misdemeanor sentence does carry a greater penalty, defendant's argument is still unconvincing. The General Assembly may establish more severe penalties as punishment for acts which have a greater social impact. *Smith v. People,* 852 P.2d 420 (Colo.1993). Its policy decision here to increase the penalty for causing bodily injury to on-duty peace officers is a legitimate one reasonably related to the mandatory sentencing provision at issue. Thus, we conclude it does not offend equal protection principles.

Order affirmed.

JONES and BRIGGS, JJ., concur.