STATE of Maine

v.

**Shirley BACHELDER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 6, 1989.
Decided Oct. 19, 1989.

Mary Tousignant, Dist. Atty. and Anne Jordan, Asst. Dist. Atty., Alfred, for the State.

James Brunelle, Brunelle & Gardner, Saco, for defendant.

Before McKUSICK, C.J. and ROBERTS, WATHEN, GLASSMAN,

CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

In this case we uphold the constitutionality of Maine's statute that prohibits endangering the welfare of a child, 17–A M.R. S.A. § 554 (1983).

 Shirley Bachelder appeals the judgments entered against her after a jury (York County, *Cole J.*) found her guilty of six counts of endangering the welfare of a child (one count for each of her six children). The charges involved her failure to provide adequate supervision, food, clothing and shelter. The evidence revealed many instances of such failures, including allowing her three-year old, eight-year old and ten-year old children to wander the streets of Sanford by themselves; her frequent failure to provide any meals for the children; her failure to provide adequate clothing; her failure to bathe or clean the children or their clothing; and her allowing their residence to become so dirty that it was unfit for habitation.

Maine's statute provides:

A person is guilty of endangering the welfare of a child if he ... knowingly endangers the child's health, safety or mental welfare by violating a duty of care or protection.

17–A M.R.S.A. § 554 (1983). Bachelder maintains that the statute is unconstitutionally vague because it does not define the duty or care or protection and does not specify what persons have the duty.

The direct prohibition of the statute is against endangering a child's health, safety or mental welfare. That language furnishes a sufficient standard to withstand constitutional attack, *see, e.g., People v. Hoehl*, 193 Colo. 557, 568 P.2d 484 (1977), because a reasonable person of ordinary intelligence can understand what conduct is prohibited. *See City of Portland v. Jacobsky*, 496 A.2d 646, 649 (Me.1985). The language on which Bachelder focuses simply restricts the scope of the prohibition by limiting its application to someone who has a duty of care or protection. It cannot be doubted in this instance that the children's natural mother, with whom they live, has such a duty and that her duty extends to caring for their health, safety and mental welfare.

 Accordingly we find no constitutional invalidity in the statute as applied in this case. Since this is not a first amendment challenge, Bachelder has no standing to argue that the statute may be unconstitutionally applied to others and is therefore overbroad.

The entry is:

Judgments affirmed.

All concurring.