STATE of Maine,

v.

Michael T. PETTENGILL.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 16, 1993.

Decided Jan. 10, 1994.

Michael T. Cantara, Dist. Atty., David Gregory, Alfred, for state.

James P. Boone, Saco, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Michael T. Pettengill appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) on a jury verdict finding him guilty of a violation of a condition of his preconviction release on bail, 15 M.R.S.A. § 1092 (Supp.1993).[1] He contends that the trial court erred in denying his motion to dismiss the charge on the ground that the statute authorizing the condition is unconstitutionally vague. He also challenges the sufficiency of the evidence to support the verdict. We affirm the judgment.

On November 21, 1991, Pettengill was arrested on charges of gross sexual assault and kidnapping and released on bail. He agreed as a condition of his release on bail that he would have no contact, direct or indirect, with the victim or any family members of the victim. On December 5, 1991, the victim, while driving her regular route from her home to school, observed Pettengill's car approach from the opposite direction, slow down as it passed her, turn around, and follow her as she turned onto another road. Pettengill then passed the victim's car and, while doing so, made an obscene gesture while laughing. He then swerved in front of the victim's car so that it was following him. At a stop sign, although Pettengill gestured for the victim to turn right, she turned left. The victim called the police to report the incident. Pettengill told his parents that he had driven by the victim and was now "in trouble."

Pettengill was arrested and charged with the instant offense. At the trial, Pettengill testified he was unaware that he had passed the victim's car but admitted he had made an obscene gesture to the driver of a car that approached him from behind with its headlights on high beam. The jury found that Pettengill knowingly violated the "no contact" condition of his release. From the

---

1. 15 M.R.S.A. § 1092 (Supp.1993) provides that if, as in the instant case, the underlying charged offense for which bail is established was punishable by a maximum period of imprisonment of one year or more and the condition violated is one specified in 15 M.R.S.A. § 1026(3)(A)(5), violation of that condition of release is a Class C offense.

judgment entered on the conviction, Pettengill appeals.

■ Pettengill contends that the Superior Court erred in denying his motion to dismiss the charged offense on the ground that 15 M.R.S.A. § 1026(3)(A)(5)[2] is unconstitutionally vague, thereby depriving him of the right to due process guaranteed by article I, section 6-A of the Maine Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. He argues that the statute does not define the word "contact" and there is no standard that would fairly inform a person of common intelligence of the proscribed conduct. We disagree.

The due process clauses of the Maine and the United States Constitutions require a statute to "provide a reasonable and intelligible standard to guide the future conduct of individuals and to allow the courts and enforcement officials to effectuate the legislative intent in applying these laws." *State v. Crossetti,* 628 A.2d 132, 134 (Me.1993). *See also Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (a criminal statute is unconstitutionally vague if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement"). The underlying principle in a vagueness challenge to a criminal statute is "that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *State v. Crossetti,* 628 A.2d at 134 (citation omitted).

The word "contact" is not a word of art, but one of common usage and commonly understood. *See Sproles v. Binford,* 286 U.S. 374, 393, 52 S.Ct. 581, 587, 76 L.Ed. 1167

(1932) ("The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding."); *see also State v. Hills,* 574 A.2d 1357, 1359 (Me.1990) (statute need not specify every possible act encompassed in a commonly understood term). The language of the challenged statute provided sufficient notice to Pettengill that his conduct could result in criminal prosecution. Moreover, Pettengill was protected from an overly broad application of the statute by the trial court's instruction to the jury that the State was required to prove a knowing violation of the condition. *See id.* (defendant protected from overly broad application of statute prohibiting "harassment" by court's instruction that defendant must have a conscious object to harass); *State v. Davis,* 398 A.2d 1218, 1219 (Me.1979) (driving to endanger statute withstood void for vagueness attack when interpreted to require a culpable mental state).

■ Contrary to Pettengill's contention, our review of the record discloses that the jury rationally could find beyond a reasonable doubt that Pettengill knowingly had "contact" with the victim in violation of the condition of his preconviction release on bail. *See State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

The entry is:

Judgment affirmed.

All concurring.

---

**2.** 15 M.R.S.A. § 1026(3)(A)(5) (Supp.1993) provides, in pertinent part:

    **3. Release on conditions.** Conditions that will reasonably ensure the appearance of the defendant and ensure the integrity of the judicial process shall be imposed as provided in this subsection.

    **A.** If the judicial officer determines that [release on personal recognizance or unsecured appearance bond] will not reasonably ensure the appearance of the defendant as required or will not otherwise reasonably ensure the integrity of the judicial process, the

judicial officer shall order the pretrial release of the defendant subject to the least restrictive further condition or combination of conditions that the judicial officer determines will reasonably ensure the appearance of the defendant as required and will otherwise reasonably ensure the integrity of the judicial process. These conditions may include that the defendant:

    . . . .

    **(5)** Avoid all contact with a victim of the alleged crime, ... or with any ... family or household members of the victim. . . .