**STATE of Maine,**

v.

**Donald BURNHAM.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 27, 1995.

Decided Feb. 9, 1995.

William Baghdoyan, Asst. Dist. Atty., Skowhegan, for State.

Christopher L. Mann, Filler & Mann, Bath, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

Donald Burnham appeals from the judgments of conviction entered after a jury-waived trial in the Superior Court (Somerset County, *Kravchuk, J.*). Burnham, a licensed Maine guide, was convicted of one count of knowingly assisting a client in a violation of fish and game laws, 12 M.R.S.A. § 7371–A(1) (1994), and three counts of failing to report client violations of fish and game laws, *id.* § 7371–A(2). Burnham challenges the constitutionality of section 7371–A and the sufficiency of the evidence to support his conviction. We affirm the judgments.

On an early morning in October 1991, Burnham drove John Siewart and Steven Cocura to a clearcut in Moxie Township. Cocura held a moose permit and Siewart was the sub-permittee. When the hunting party discovered a bull moose, a cow, and a calf in the clearcut, Siewart opened fire with a .300-caliber Weatherbee. After three shots, the bull moose fell to the ground and shortly thereafter the cow also fell dead. The three men took the bull moose to a tagging station in Greenville, where with Burnham's assistance Cocura, not Siewart, registered the moose. They left the dead cow and the live calf in the clearcut.

At trial, it was undisputed that Siewart and Cocura committed three violations of the fish and game laws. On appeal, Burnham challenges only the factual finding that a guide-client relationship existed between him and Siewart and Cocura. In addition, Burnham contends that section 7371–A is void for vagueness.

Section 7371–A provides in pertinent part as follows:

A person is guilty of a guide license violation if that person is licensed as a guide and that person:

**1. Knowingly assists client in violation.** Knowingly assists a client in violating any of the provisions of chapters 701 to 721;

**2. Fails to report violation by client.** Has knowledge that a client has violated the provisions of chapters 701 to 721 and fails to report the violation as required by section 7318[.]

Burnham's challenge focuses on the failure of the statute itself or any other fish and game statute to define "client." Without a clear definition of "client" and an explanation of when the relationship begins and ends, Burnham says, one cannot discern exactly what conduct is prohibited.

Contrary to Burnham's argument, we conclude that persons of general intelligence are not forced to guess at the statute's meaning. *See State v. Crossetti,* 628 A.2d 132, 134 (Me.1993). A person who acts as a guide is required by section 7311 to have a valid license. "Guide" is defined in section 7001 as "any person who receives any form of remuneration for his services in accompanying or assisting any person ... while hunting." It follows that the person who is so accompanied or assisted by a licensed guide is a client.

The evidence supports the court's finding that Burnham received remuneration from Siewart and Cocura for the moose hunt. Therefore, although there was contrary evidence, the court was justified in finding beyond a reasonable doubt that at all pertinent times Siewart and Cocura were clients of Burnham.

The entry is:

Judgments affirmed.

All concurring.