[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The argument that "contact" means only a physical touching or communicating with someone is too simplistic. Dictionaries make reference to the difference between direct and indirect contact. Pilots have long understood that "contact flying" means air navigation by means of direct observation of landmarks. Johnsonv. Western Air Express, 114 P.2d 688, [114 P.2d 688], 691 (Cal.). Eye contact refers to direct visual contact between people. Moreover, "the word contact is not a word of art but one of common usage and Page 4332-SSSS commonly understood."State v. Pettengill, 635 A.2d 1309, [635 A.2d 1309], (Me.). The constitutional "requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. . . . The use of common experience as a glossary is necessary to meet the practical demands of legislation." Sproles v. Binford, 286 U.S. 374, 393.
The defendant's argument is seductive, but reminiscent of the teaching of Yale Law School's Myres MacDougal and Harold Lasswell that "legal terms proffered not as descriptive terminology but rather as absolutes with alleged predictive or prescriptive powers become inimical to rationality, since on the level of the authoritarian doctrine they pretend to compose, the legal terms are often tautologous and generally take their meaning by reference to the very judicial responses they are supposed to predict or justify. See MacDougal Lasswell, `Legal Education and Public Policy: Professional Training In the Public Interest' 52 Yale L.J. 203, 237-43 (1943)." Galluzzo v. Fairfield Board ofTax Review, 44 Conn. Sup. 39, 44 13 CONN. L. Rptr. No. 16, 507, 508 (April 17, 1995). "Words are meant to be instruments of their master; not the other way around — as literate America has long known." Id.
This issue arose in the case of State v. Pettengill,635 A.2d 1309, [635 A.2d 1309], (Me.) where as a condition of pretrial release the defendant was ordered to have no contact, direct or indirect with the victim. While in her car, the victim saw the defendant's car coming from the opposite direction. The defendant slowed as he passed, turned and followed her. Then he passed her and made an obscene gesture while laughing. At a stop sign he gestured for the victim to turn right and follow him. The claim was constitutional vagueness which was denied, and the defendant's act was found to violate the court's order.
Furthermore, the defendant in the present case was
communicating with the victim. He was not just driving by the victim as in the case cited by the defendant, Minnesota v. Margo,
No. C5-89-1723, 1989 Minn. App.; LEXIS 1359 at *4 (Minn.App. January 12, 1990). That case is easily distinguishable. One can "contact" another without using speech or without touching another. If this were not so, the defendant could openly stalk or surveil the victim at will and at length, thus totally undercutting the meaning of court's order. An affirmative act done with the intent to gain the other's attention is sufficient. CT Page 4332-TTTT That intent can easily be inferred from a person's actions. Knowledge that the attention of the other is thus reached completes the act.
Accordingly, the defendant's motion to dismiss is denied.