2000 ME.77

**STATE of Maine**

v.

**Charles WATSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 29, 2000.

Decided May 3, 2000.

R. Christopher Almy, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Charles M. Watson, Biddeford, for defendant.

Before WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] This is a consolidated appeal. Defendant, Charles Watson, appeals from a

judgment entered in the Superior Court (Penobscot County, *Mills, J.*) on a jury verdict finding him guilty of endangering the welfare of a child (Class D), 17–A M.R.S.A. § 554 (1983 & Supp.1999). The State appeals, pursuant to 15 M.R.S.A. § 2115–A(2) (1983) and M.R.Crim. P. 37B, from the subsequent order entered in the court granting defendant's motion for judgment of acquittal. Because defendant's motion was untimely, we vacate the judgment of acquittal. Finding sufficient evidence to support the jury's verdict, we affirm the judgment of conviction for endangering the welfare of a child.

[¶ 2] The facts may be summarized as follows: A witness, Robin Myers, testified that she met her mother at the Hogan Road Shop 'n Save around 9:30 a.m. Saturday morning, February 20, 1999, to drop off her six-year-old daughter with her mother for the weekend. She and her mother talked in their cars for approximately ten to fifteen minutes. During that time, Robin did not notice anyone entering or exiting a white Honda parked next to her. After talking with her mother, Robin exited her car to get her daughter out and send her with her grandmother. When she did, she noticed that a baby was in the white Honda screaming. She also noticed that the baby did not have a winter coat on and that the car was unlocked. Robin's children were dressed in winter coats. Robin's mother was wearing a down jacket and had the heater on in her car that morning. Robin called her mother over to see the baby and then called 911 to report it.

[¶ 3] A police officer arrived approximately five minutes later. He observed that a baby was in the car and that Robin was upset and wanted to get the baby out to get it warm. The officer was on the driver's side and tried the driver's side doors, but found them locked. Approximately four minutes after the officer arrived, defendant, Charles Watson, walked out of the store to his car, looked at the officer, opened the passenger side back door to put groceries in, and closed the door. At that point, the officer asked defendant if he was the owner of the vehicle and the baby's parent. Defendant responded yes. Having observed defendant opening the back door without a key, he asked defendant if he often left his baby unattended in an unlocked car. Defendant responded that he did sometimes when he was shopping and that he never left her in a locked car. The officer then instructed defendant to follow him to the police station. The officer testified that he was wearing winter clothing and had his heater on. The supervising officer on duty on February 20 testified that it was cold and windy that day.

[¶ 4] A criminal complaint was filed against defendant for violating 17–A M.R.S.A. § 554 by recklessly endangering the health, safety or welfare of a child being less than one year of age, by violating a duty of care or protection. Defendant requested a jury trial and the matter was transferred to Superior Court. After the jury found defendant guilty, the court entered a judgment of conviction and imposed a sentence on July 13, 1999. Defendant filed a motion for judgment of acquittal on July 26, 1999, and a notice of appeal on August 10, 1999. On November 16, 1999, the court granted defendant's motion for judgment of acquittal. The State filed a motion for reconsideration, the court denied the motion, and the State appeals. We consolidated the two appeals.

## I. Judgment of Acquittal

[¶ 5] The State contends in its appeal that defendant's motion for judgment of acquittal was not timely filed and thus that the Superior Court lacked authority to act on the motion. We agree. The time for filing a motion for judgment of acquittal is controlled by M.R.Crim. P. 29, which provides in pertinent part as follows:

If the jury returns a verdict of guilty, or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 10

days after the jury is discharged or within such further time as the court may fix during the 10 day period. M.R.Crim. P. 29(b). The jury in this case was discharged and the judgment was entered on July 13, 1999. A motion for judgment of acquittal should have been filed no later than Friday, July 23, 1999. Defendant filed his motion for judgment of acquittal on Monday, July 26, 1999. Defendant, therefore, did not timely file his motion. Although certain time limits may be extended if the failure to act was the result of excusable neglect, a court may not extend the time for taking action under certain rules, including Rule 29, "except to the extent and under the conditions stated in them." M.R.Crim. P. 45(b). Pursuant to ·Rule 29, an extension for filing the motion can only be granted within the ten-day period. Therefore, in this case the court lacked authority to grant the motion for judgment of acquittal because it was not timely filed.

 [¶ 6] Moreover, the court also lacked authority to act on the motion once the appeal was docketed in this Court. The Superior Court's jurisdiction to act after a case is appealed to us is controlled by M.R.Crim. P. 37(d), which provides in pertinent part as follows:

> Upon receipt of the certified copies of the notice of appeal and the docket entries [from the Superior Court] the Clerk of the Law Court shall forthwith docket the appeal . . . .

> The Superior Court shall take no further action pending disposition by the Law Court of an appeal from a judgment of conviction except: The appointment of counsel for an indigent defendant; the granting of a stay of execution and the fixing or revocation of bail pending appeal; proceedings either for a new trial or for the correction or reduction of sentence ·under Rule 35(a) or (c); and other action necessary for prosecution of the appeal as provided by these rules.

M.R.Crim. P. 37(d). The appeal was docketed in August, 1999, and the Superior Court did not enter the judgment of acquittal until November 16, 1999. Under the terms of the rule, the Superior Court lacked authority to act on the motion.

## II. Validity of Statute and Sufficiency of Evidence

[¶ 7] Defendant argues that the statute under which he was charged is void for vagueness because it does not inform the public that leaving a child in a car unattended constitutes endangering the welfare of a child. We have, however, previously upheld the constitutionality of section 554. *See State v. Bachelder,* 565 A.2d 96, 97 (Me.1989) (finding mother guilty of endangering the welfare of a child for failure to provide adequate supervision, food, clothing and shelter). We have held that the language of the statute "furnishes a sufficient standard to withstand constitutional attack, because a reasonable person of ordinary intelligence can understand what conduct is prohibited." *Id.* (citations omitted).

 [¶ 8] Defendant also argues that there was insufficient evidence. We review the evidence in the light most favorable to the State to determine whether the factfinder rationally could have found beyond a reasonable doubt every element of the offense charged. *See State v. Marden,* 673 A.2d 1304, 1311 (Me.1996) (citations omitted). Credibility and weight of the evidence is within the province of the jury as the factfinder.

 [¶ 9] Section 554 provides in pertinent part as follows:

> 1. A person is guilty of endangering the welfare of a child if that person:

> . . . .

> C. Otherwise recklessly endangers the health, safety, or welfare of a child under 16 years of age by violating a duty of care or protection.

17–A M.R.S.A. § 554 (1983 & Supp.1999). As the court instructed the jury, the test of recklessness is whether the jury could

have found beyond a reasonable doubt that defendant consciously disregarded the risk of harm to his child and that the disregard of that risk, viewed in light of the nature and purpose of his conduct and the circumstances known to him, involved a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation. *See* 17–A M.R.S.A. § 35(3) (1983); *see also State v. Wilder,* 2000 ME 32, ¶ 27, 748 A.2d 444.

[¶ 10] Viewing the evidence in the light most favorable to the State, the jury had competent evidence that defendant left his three and one-half month old baby unattended and lightly clad in an unlocked car for as long as twenty-five minutes. The car was in a shopping center parking lot in the middle of winter and the temperature was cold at the time. The jury also heard defendant's testimony that he consciously considered as his only options bringing his daughter into the store and carrying her or putting her in a shopping cart without a built-in child seat or leaving her in the car. He stated that he felt she was safest in the car.

[¶ 11] From this competent evidence, the jury rationally could have found beyond a reasonable doubt that defendant had a duty to protect his daughter and that leaving her unattended for twenty-five minutes in an unlocked car in a shopping center parking lot on a cold winter day violated that duty. The jury rationally could have found that defendant consciously disregarded the risks attendant upon leaving the child unattended in a car under these circumstances; and that defendant's disregard of the risk was a gross deviation from the conduct of a reasonable and prudent person.

[¶ 12] Defendant's remaining arguments concerning Miranda rights and discovery issues were not properly preserved and lack merit. Therefore, we find no error in the judgment of conviction.

The entry is:

Judgment of acquittal vacated; judgment of conviction affirmed.