STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2008 AUG 11 P 3: 19

CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-08-80
JMS - KEN - 6/11/2009

STATE OF MAINE,

    v.

MICHELLE OLDS,

       Defendant

DECISION AND ORDER

Before the court is the defendant's motion to suppress. The defendant alleges that her statements should be suppressed because they were taken in violation of her Fifth Amendment rights. The defendant claims that she was in custody during the interviews and was not apprised of her rights under *Miranda*. Furthermore, she claims that the statements taken by law enforcement were involuntary.

Facts

On November 29, 2007, a detective of the Lewiston Police Department investigating a theft contacted the defendant. The defendant indicated that she was willing to talk with him regarding the incident. A police officer met the defendant in the lobby of the police department and led her to a ten by ten room containing a table and four chairs and no windows. The defendant voluntarily transported herself to the police department following her phone conversation with the detective. The room had an audio/video system in operation; therefore, the interview was recorded.

During the interview, she admitted to the burglary and explained that her drug problems led her to the need to enter the person's house and steal the property in question. Initially, she denied the burglary but after further discussions with the police officer she did admit to it.

Defendant was advised that she was not going to be arrested during the first interview which lasted 45 minutes. She was allowed to leave the police department and made an appointment with the detective to return to talk to another officer regarding another issue.

The defendant did return at 3:00 p.m. and once again she was escorted to the same room. She was introduced to an officer from the Maine DEA who wanted to talk to her about another incident. The officer indicated that she was a potential suspect and upon her second return at 3:00 p.m., it was expected that she would make further incriminating statements. Following the statements made on tape, she was left alone to write out her statement.

## Discussion

### Miranda

The defendant argues that she made statements as a result of a custodial interrogation and that she was never read her Miranda rights.

"A Miranda warning is necessary only if a defendant is: (1) in custody; and (2) subject to interrogation." State v. Higgins, 2000 ME 77, ¶ 12, 796 A.2d 50, 54. The court has set out many factors that the trial court is to view in their totality. In State v. Dion, 2007 ME 87, ¶ 23, 928 A.2d 746, 750-751, the court set out the following factors:

> A person not subject to formal arrest may be in custody if a reasonable person standing in the shoes of the defendant would have felt he or she was not at liberty to terminate the interrogation and leave or if there was a restraint on freedom of movement of the degree associated with a formal arrest. This test is an objective one, and we have stated that in analyzing whether a defendant is in custody, a court may consider the following factors: (1) the locale where the defendant made the statement; (2) the party who initiated the contact; (3) the existence or nonexistence of probable cause to arrest (to the extent communicated to the defendant); (4) subjective views, beliefs or intent the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (5) subjective views or beliefs that the defendant manifested to the police, to the extent the

officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave; (6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it); (7) whether the suspect was questioned in familiar surroundings; (8) the number of law enforcement officers present; (9) of a degree of physical restraint placed upon a subject; and (10) the duration and character of the interrogation.

After reviewing the video tape and considering the facts presented at the hearing in the context of the factors set out above, the court finds and concludes that the defendant was not in custody necessitating the police advising the defendant of her *Miranda* rights. In considering factors 4 and 5 above, it is clear that the police indicated to the defendant that she was free to leave. As a matter of fact, she did leave following one interview and returned on her own several hours later to meet with another police officer. There is nothing on the record to indicate that the defendant did not believe that she had the right to leave since she did leave voluntarily and did return on her own hours later.

There was also no physical restraint as set out in factor 9 above. Furthermore, the duration and character of the interrogation as explained in factor 10 above weighs in favor of a finding that the defendant was not in custody. The interviews were of short duration and they were not coercive in any respect.

The countervailing factors which weigh in favor of custody are that the location of the interrogation was in the police department, which is certainly not familiar surroundings to the defendant. However, this is not as significant a factor as it might be since the defendant transported herself to the police department on her own for both interviews. During the first interview, there was only one police officer and there were two police officers present during the second interview. The defendant was certainly the focus of the investigation and the police officers had probable cause to arrest her based on the information they had regarding her participation in a felony.

After considering these factors mentioned above, the court finds and concludes that the defendant was not in custody and therefore the circumstances did not necessitate the law enforcement officers advising the defendant of her *Miranda*.

<u>Voluntariness</u>

There is no evidence indicating that there was any coercion or threats made to the defendant necessitating a finding that the statements were involuntary. The taped interview speaks for itself and, therefore, the court finds and concludes that the defendant's motion to suppress should be denied.

The entry will be:

Defendant's motion to suppress is DENIED.

Dated: August 10, 2008

Joseph M. Jabar
Justice, Superior Court

Attorney for the State of Maine

William Savage
Assistant Attorney general
6 State House Station
Augusta, ME 04333-0006

Attorney for the Defendant

C. Courtney Michalec
103 Park Street
Lewiston, ME 04243-7206

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2008-00080

## DOCKET RECORD

DOB: 04/29/1965
Attorney: WILLIAM COTE                          State's Attorney: WILLIAM SAVAGE
           LASKOFF & ASSOCIATES
           103 PARK ST
           PO BOX 7206
           LEWISTON ME 04243-7206
           RETAINED 02/07/2008

Filing Document: INDICTMENT                      Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 01/30/2008

## Charge(s)

**1   AGGRAVATED FURNISHING OF SCHEDULED DRUGS   01/20/2007 WINTHROP
Seq 9391  17-A  1105-C(1)(K)            Class B**

## Docket Events:

01/30/2008 FILING DOCUMENT -  INDICTMENT FILED ON 01/30/2008

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 01/30/2008

01/30/2008 TRANSFER -  BAIL AND PLEADING GRANTED ON 01/30/2008

01/30/2008 BAIL BOND - $1,000.00 UNSECURED BAIL BOND SET BY COURT ON 01/30/2008
           JOSEPH M JABAR , JUSTICE
01/30/2008 Charge(s): 1
           WARRANT -  ON COMP/INDICTMENT ISSUED ON 01/30/2008

           CERTIFIED COPY TO WARRANT REPOSITORY
02/01/2008 Charge(s): 1
           WARRANT -  ON COMP/INDICTMENT EXECUTED ON 01/31/2008

02/01/2008 Charge(s): 1
           WARRANT -  ON COMP/INDICTMENT RETURNED ON 02/01/2008

02/01/2008 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 02/01/2008

           Bail Amt:  $1,000
           Date Bailed: 01/31/2008
02/01/2008 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 03/11/2008 @ 8:00

02/07/2008 Party(s):  MICHELLE MARIE OLDS
           ATTORNEY -  RETAINED ENTERED ON 02/07/2008

           Attorney: WILLIAM COTE
03/11/2008 Charge(s): 1

HEARING - ARRAIGNMENT HELD ON 03/11/2008
NANCY MILLS , JUSTICE
DA: WILLIAM SAVAGE
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS

03/11/2008 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 03/11/2008

03/26/2008 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 03/26/2008

03/26/2008 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 03/26/2008

03/26/2008 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 05/06/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
03/26/2008 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/06/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
03/26/2008 MOTION - MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 03/26/2008

03/26/2008 HEARING - MOTION EXPERT WITNESS REPORT SCHEDULED FOR 05/06/2008 @ 8:30

04/16/2008 MOTION - MOTION TO CONTINUE FILED BY STATE ON 04/16/2008

04/24/2008 MOTION - MOTION TO CONTINUE GRANTED ON 04/22/2008
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
04/24/2008 HEARING - MOTION EXPERT WITNESS REPORT CONTINUED ON 04/22/2008

04/24/2008 HEARING - MOTION TO SUPPRESS CONTINUED ON 04/22/2008

04/24/2008 HEARING - MOTION FOR DISCOVERY CONTINUED ON 04/22/2008

04/24/2008 HEARING - MOTION EXPERT WITNESS REPORT SCHEDULED FOR 05/27/2008 @ 1:00

04/24/2008 HEARING - MOTION EXPERT WITNESS REPORT NOTICE SENT ON 04/24/2008

04/24/2008 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 05/27/2008 @ 1:00

NOTICE TO PARTIES/COUNSEL
04/24/2008 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 04/24/2008

04/24/2008 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/27/2008 @ 1:00

NOTICE TO PARTIES/COUNSEL
04/24/2008 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 04/24/2008

08/11/2008 HEARING - MOTION EXPERT WITNESS REPORT NOT HELD ON 05/27/2008

08/11/2008 MOTION - MOTION EXPERT WITNESS REPORT WITHDRAWN ON 08/11/2008

08/11/2008 HEARING -  MOTION FOR DISCOVERY HELD ON 05/27/2008

08/11/2008 MOTION -  MOTION FOR DISCOVERY GRANTED ON 05/27/2008
        JOSEPH M JABAR , JUSTICE
        COPY TO PARTIES/COUNSEL
08/11/2008 HEARING -  MOTION TO SUPPRESS HELD ON 05/27/2008
        JOSEPH M JABAR , JUSTICE
        Defendant Present in Court
08/11/2008 MOTION -  MOTION TO SUPPRESS DENIED ON 08/10/2008
        JOSEPH M JABAR , JUSTICE
        COPY TO PARTIES/COUNSEL
08/11/2008 Charge(s): 1
        TRIAL -  DOCKET CALL SCHEDULED FOR 11/10/2008


A TRUE COPY
ATTEST:     _____
                        Clerk