STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL COURT
AUGUSTA
Docket No. CR-17-0196

AUGUSTA COURT
AUG 22 '17 PM3:5

STATE OF MAINE

V.

NATHAN BEGIN

**ORDER ON MOTION TO DISMISS**

The Defendant has been indicted for one count of unlawful sexual contact in violation of 17-A M.R.S. §255-A(1)(M)(Class C) and one count of gross sexual assault in violation of 17-A M.R.S. §253(2)(H)(Class B) alleged to have been committed against a person who was less than 18 years of age, and as to whom the Defendant is alleged as "being the parent, step-parent, foster parent, guardian <u>or</u> <u>other similar person responsible for the long-term general care and welfare . . . .</u>" (emphasis supplied).

The Defendant has moved to dismiss both counts of the Indictment on the basis that the statute with which he is charged, and the language emphasized above in particular, is unconstitutionally vague. The parties have stipulated, for purposes of this motion, that the Defendant is not and has never been the parent, step-parent, foster parent or guardian of the victim named in the Indictment, but the Defendant did reside with the mother of the named victim for a period of 5 years and was, for at least some period of time, her (the mother's) sexual partner. The Defendant maintains that the statutory phrase "or similar person responsible for the long-term general care and welfare" of the named victim, fails to give a person of ordinary intelligence fair notice/warning that his conduct is forbidden.

The Law Court has made it clear that a void for vagueness claim must be evaluated on the basis of the particular facts and circumstances of each individual case. *See State v. Reckards,* 2015 ME 31, ¶¶ 4-5, 113 A.3d 589. Accordingly, it would seem to be premature for this court to dismiss the Indictment in this case before the facts have been more fully developed. Living with a minor child may result in an adult assuming a duty of care and protection, like a parent, step-parent, foster parent or guardian. *See, e.g., State v. Crossetti,* 628 A.2d 132, 134 (Me. 1993); *C.E.W. v. D.E.W.,* 2004 ME 43, 845 A.2d 1146 (recognizing, but not discussing the applicable standard, that a person may become a *de facto* parent). Finally, in *State v. Patton,* 2012 ME 101, ¶ 34, 50 A.3d 544, *cert. denied,* 568 U.S. 1035 (2012) the Law Court explained that the phrase "other person responsible for the long-term care and welfare of a child necessarily describes a person who is acting in a role similar to that of a parent, stepparent, foster parent, or guardian," which sufficiently informs the jury of the elements of 17-A M.R.A. §253(H).

The Defendant's Motion to Dismiss is DENIED.

Dated: August 21, 2017.

William R. Stokes
Justice, Superior Court

2